## H. W. JACOBY ET AL. v. GEO. W. NORTON ET AL.

### Decided October 18, 1905.

**1.—Boundary—Survey—Question of Fact.**

In a boundary case depending upon the location of the beginning point of two blocks of surveys, described as: "at a Kickapoo Spring S. cor. survey 420," whether the survey began at the spring or at the south corner of the survey, which was located elsewhere, is held to present a question of fact, under the evidence here considered, upon which the judgment of the trial court locating the beginning point at the spring will not be disturbed.

**2.—Boundary—Pleading.**

No prejudicial error is shown by the fact that a judgment establishing the boundary line between the surveys claimed by appellants and appellees incidentally undertakes to fix the line of another survey not so claimed nor mentioned in the pleadings.

Appeal from the District Court of Concho County. Tried below before Hon. John W. Goodwin.

*Hill & Lee,* for appellants.

*Jenkins & McCartney,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—This is a suit of trespass to try title brought by appellees, as plaintiffs, against appellants, as defendants, to recover the L. Robbins, J. M. Gibbs and W. J. Boaz surveys of land situated in Concho County, set out by metes and bounds in plaintiffs' petition.

Defendants answered that they were the owners of surveys Nos. 46, 45 and 32, Houston & Texas Central Railroad Company, block 9, situated adjacent to the surveys claimed by plaintiffs, setting out the said surveys 46, 45 and 32 by metes and bounds, disclaiming title to any part of the plaintiffs' surveys lying east or south of the east boundary lines of the said surveys 46, 45 and 32, and pleaded not guilty as to any part of the land described in plaintiffs' petition which was included within the boundaries of said surveys 46, 45 and 32.

There was a trial before the court without a jury, and judgment was rendered for the plaintiffs for the land sued for, and establishing the boundary line between the lands sued for by plaintiffs and surveys Nos. 46, 45, 32 and 31, H. & T. C. Railroad Company's block No 9.

The only question involved in this case is the true location of the eastern boundary line of block 9, Houston & Texas Central Railroad Company, in Concho County. The surveys in this block were located

and surveyed January 13, 1873. The lands claimed by plaintiffs were located and surveyed, the Robbins survey July 21, 1882, the Gibbs survey October 10, 1882, and the Boaz survey June 12, 1882. Blocks 8 and 9, H. & T. C. R. R. Co. surveys, containing 122 surveys of 640 acres each, according to their original field notes, were all surveyed on January 13, 1873. The contention of plaintiffs is that in the location of said blocks, the beginning and controlling point is Kickapoo Spring, and that beginning at that point and running east the course and distance called for, a vacant strip was left between the west line of Giddings District No. 3 and the east line of block 9, upon which the appellees' surveys were located.

The contention of appellants, defendants in the court below, is that the beginning point is not at Kickapoo Spring, but at the Kickapoo Spring survey No. 430, in the name of L. Freit; that in the location of the tier of surveys in block 8, running east from the Kickapoo Spring, survey 37 in said block is located by well-defined corners of Burr Oak Spring survey No. 948 in the name of C. Wetzel, and that locating said survey 37 on its call for the Burr Oak Spring survey No. 948, and running thence east course and distance, the east boundary line is 694 varas further east than located by plaintiffs, and that their surveys sued for conflict that distance with said surveys 46, 45 and 32 owned by defendants, appellants herein.

Appellants by all of their assignments of error, except the tenth, contend that the court below erred in not holding that the call in survey No. 37, H. & T. C. R. R. Co., for the northwest corner of survey No. 948, in the name of C. Wetzel controlled the location of the east boundary line of said block No. 9, and that the court should have ascertained and established said line by the calls for course and distance from said corner.

It is true, the evidence tended to show that the lines and corners of the C. Wetzel survey No. 948 were well defined and marked, but it was a question of fact submitted to the court below for its determination as to whether the call for the corner of survey No. 948 in the field notes of survey No. 37, or the call for Kinkapoo Spring, in the field notes of survey No. 13, H. & T. C. R. R. Co. as its northeast corner, should control in locating the east line of said block No. 9; and the court found in favor of the latter, and there is sufficient evidence in the record to sustain such finding.

Appellants' tenth assignment of error complains of the action of the court in fixing and establishing the line between plaintiffs' surveys and defendants' surveys Nos. 46, 45, 32 and 31, because survey No. 31 was not involved in this suit, there being no pleading relating to that survey. Appellants disclaimed any title to any part of appellees' surveys lying east or south of surveys 46, 45 and 32, which they claimed, and pleaded not guilty as to any part of the land described in plaintiffs' petition which was included within the boundaries of said surveys 46, 45 and 32. On the trial below it was admitted that "the plaintiffs and defendants have title to the respective surveys of land described in plaintiffs' petition and defendants' answer, except insofar as the same may be in conflict on the east lines of the surveys described in defendants' answer, the question involved being the correct

location of the east boundary line of block No. 9, H. & T. C. R. R. Co. surveys, insofar as the same affects the surveys of lands claimed by plaintiffs and defendants respectively."

It appears from the plat introduced in evidence that survey No. 31 is immediately north of survey No. 32, and that its east line is a part of the east line of block 9, and a part of its east line is that part of the west line of appellees' survey in the name of L. Robbins running north from the northeast corner of No. 32, and in order for the court to establish the true boundary line between said block No. 9 and appellees' surveys it was necessary to establish that part of the boundary line of survey No. 31 adjoining said Robbins survey. We think no injury was done appellants by this action of the court.

There being no error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*